[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2009
THOMAS K. KAHN
CLERK

No. 09-11592

D. C. Docket No. 04-00994-CV-J-25-HTS

ELVIN B. SIMPSON,

Plaintiff-Appellee,

versus

WALTER A. MCNEIL,
Secretary of the Department of Corrections,
State of Florida,
BILL MCCOLLUM,
Attorney General,

Defendants-Appellants.

Appeal from the United States District Court
for the Middle District of Florida

(October 16, 2009)

Before DUBINA, Chief Judge, TJOFLAT, Circuit Judge, and WALTER,[*] District Judge.

PER CURIAM:

In this case, the federal district court granted Elvin B. Simpson habeas relief on his claim of ineffective assistance of counsel for failing to advise him about the consequences of rejecting a plea offer from the State. The State appeals the district court's order granting Simpson relief and ordering the State to either release Simpson for time served or impose a sentence not to exceed the amount of time provided in the plea offer. Because we conclude from the record that the district court abused its discretion in granting an evidentiary hearing on this particular claim of ineffective assistance of counsel and erred when it granted Simpson habeas relief, we reverse the district court's order and render judgment for the State.

## I. BACKGROUND

The State charged Simpson with one count of second degree murder with a firearm for the murder of his wife. After a trial, the jury returned a guilty verdict and found that Simpson possessed a firearm when he committed the murder. At

---

[*]Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

sentencing, the state trial court imposed a sentence of life in prison, based on the statutory ground that the murder was committed in the presence of a family member, the victim's niece. *See* Fla. Stat. § 921.0016(3)(m) (1994) (repealed 1998). The state appellate court affirmed Simpson's conviction and sentence. *Simpson v. State*, 676 So. 2d 434 (Fla. Dist. Ct. App. 1996).

Simpson filed a motion for post-conviction relief in the state trial court. Among his many claims, Simpson alleged that his trial counsel was ineffective for failing to advise him properly regarding the details of the State's plea offer. After conducting an evidentiary hearing on another claim, the state trial court summarily denied relief. On appeal, the state appellate court reversed and indicated that the state trial court should conduct further review of Simpson's claim that his counsel did not properly advise him regarding the State's plea offer. *Simpson v. State*, 741 So. 2d 1241, 1242 (Fla. Dist. Ct. App. 1999).

On remand, the state trial court conducted another evidentiary hearing, found that no plea offer existed, and denied Simpson relief. The state court found, in pertinent part, that Simpson could not meet his burden of showing that there was a firm plea offer that he could have accepted. The state court noted that Simpson's trial counsel, Burton Green, appeared at the evidentiary hearing but failed to testify. In light of the absence of testimony or other evidence to confirm

3

the existence of a plea offer, the state trial court denied Simpson's motion for post-conviction relief. The state appellate court affirmed. *Simpson v. State*, 792 So. 2d 474 (Fla. Dist. Ct. App. 2001).

In September 2001, Simpson filed a successive motion for post-conviction relief in state court, raising five claims of ineffective assistance of post-conviction counsel. Among Simpson's claims was that his post-conviction counsel was ineffective for failing to call Burton Green to testify at the second evidentiary hearing. Simpson amended his motion to include a claim that newly discovered evidence, which could not have been discovered previously through due diligence, would have changed the outcome of his second evidentiary hearing. In support of his contention, Simpson attached a recently received letter purportedly written by John Gitchoff, who assisted Simpson's trial counsel, stating that Gitchoff recalled a discussion about the State's plea offer of 13 years. Specifically, the letter stated: "I spoke with Burton Green about the State's plea offer. Burton is against you accepting a plea of 13 years. He says your maximum sentence is around 18.6 years if convicted. I'm inclined to agree with Burton." (R. 47 at 32 (quoting App. Q to the Second Am. Pet., R. 35)).

The state trial court denied the post-conviction motion as untimely and successive and found that claims of ineffective assistance of post-conviction

4

counsel are not cognizable in a state post-conviction motion. The state trial court also found that the claim of newly discovered evidence involved a post-conviction evidentiary hearing, not a new trial, and thus was not cognizable. The state appellate court affirmed the trial court's denial of relief.

Simpson later filed a state habeas corpus petition, again alleging the claim of ineffective assistance of post-conviction counsel for failing to present credible evidence at the evidentiary hearing concerning the State's alleged plea offer of 13 years. In the petition, Simpson stated that his post-conviction counsel informed him that if Green was called to testify in the state post-conviction evidentiary hearing, he only would have stated that he did not remember anything about the alleged plea offer. Simpson stated that because of Green's purported representation to Simpson's post-conviction counsel, Simpson did not call Green to testify. The state trial court denied Simpson habeas relief and the appellate court affirmed. *See Simpson v. State*, 832 So. 2d 929 (Fla. Dist. Ct. App. 2002).

Simpson then filed a federal habeas petition pursuant to 28 U.S.C. § 2254 (2000), raising, among other arguments, his claim that his trial counsel was ineffective for failing to advise him properly about the consequences of declining a plea offer from the State. Simpson amended his petition, and the State filed a response. In support of his claim of ineffective trial counsel, Simpson attached to

5

his petition the 1995 Gitchoff letter described above and an affidavit from Simpson's trial counsel Burton Green. The district court ordered an evidentiary hearing on this claim under § 2254(e)(2).[1] The State filed a motion for reconsideration, arguing that the district court was precluded from conducting an evidentiary hearing on the same claim considered by the state trial court after an evidentiary hearing because Simpson did not meet the requirements enumerated in § 2254(e)(2). The district court denied the State's motion and conducted the evidentiary hearing. After the hearing, the federal district court found, contrary to the State court's finding, that the State had extended a plea offer to Simpson and that Simpson's trial counsel was ineffective for failing to inform him about the full consequences of rejecting the plea offer. The district court's order commanded the State to either release Simpson for time served or impose a sentence not to exceed 13 years, as provided in the plea offer. The State then perfected this appeal.

## II. ISSUE

Whether the district court abused its discretion in granting Simpson an evidentiary hearing on his claim of ineffective assistance of trial counsel and erred in granting Simpson habeas relief.

---

[1]The district court also denied Simpson's other claims for relief. The denial of those claims is not at issue in this appeal.

## III.  STANDARD OF REVIEW

We review for abuse of discretion the district court's grant of an evidentiary hearing.  *See Atwater v. Crosby*, 451 F.3d 799, 811 (11th Cir. 2006) (reviewing denial of evidentiary hearing).  We review *de novo* the district court's order granting Simpson habeas relief.  *Wood v. Allen*, 542 F.3d 1281, 1285 (11th Cir. 2008).  The district court's findings of fact, including the district court's determination regarding Simpson's diligence in developing the factual basis of his claim in the state court, are subject to the clearly erroneous standard.  *Hall v. Head*, 310 F.3d 683, 690, 697 (11th Cir. 2002).  However, our review is "greatly circumscribed and is highly deferential to the state courts."  *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002).

## IV.  DISCUSSION

Sixth Amendment ineffective assistance of counsel claims are analyzed under the standards established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  Under *Strickland*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said

7

that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Gaskin v. Sec'y, Dep't of Corr.*, 494 F.3d 997, 1002 (11th Cir. 2007). In order to sustain a showing of prejudice, Simpson had to demonstrate a reasonable probability that but for his counsel's errors in failing to inform him of the consequences of not taking the purported 13 year plea offer, he would have accepted the prosecution's offer. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Hall*, 310 F.3d at 700. Therefore, Simpson had to establish that there was, in fact, a plea offer for less than the life sentence he received that he could have accepted had he been properly advised of the risk of a life sentence by his counsel.

The state court determined that Simpson failed to meet the *Strickland* prejudice prong because "there [was] no plea offer to enforce in this case." The state court trial judge stated in pertinent part:

> So I just have a real problem with figuring out, if there was a plea offer, what it was. The affidavits which occasioned this evidentiary hearing talk in terms of 13 years kind of range. I have no indication whatsoever there was a firm plea offer made in this case, Mr. Simpson. I just don't have it. It's your burden. Mr. Green sat here at least until the rule was invoked, and he came back in after we concluded the hearing. Mr. Green had access to the State. Mr. Bausch has the State Attorney's files. Somebody could have testified that there was a plea offer. Nobody has testified that there was a plea offer.

8

I think that there was nothing more than discussion, which does not give you anything to accept. It just gives you something more to talk about. Mr. Green may have told you that the low end of the guidelines was 13 years, which I guess was right. Everybody seems to agree to that. But I have to agree with Mr. Holmes that step one here is to establish a plea offer, and I think it has to be established by – maybe without Mr. Bausch's testimony, Mr. Simpson, maybe there wouldn't be anything else. And your testimony was not impeached, but it was certainly – because that's your understanding and nobody can impeach your understanding, and nobody can impeach what you were told except the person who told you that or somebody who heard the conversation; and that person didn't testify today.

But certainly the testimony of the State is contrary to the notion of a firm plea offer in this case. The Court will find that there is no plea offer to enforce in this case. . . . The Court, therefore, finds that counsel could not have been ineffective in misadvising because one of the prongs being that there was a plea offer to accept, that could have been, would have been accepted, has not been met.

(R. 52 at 17–18 (quoting Tr. of May 1, 2000 State Ct. Evidentiary Hr'g, R. 39, Ex. N at 66–67)).)

Simpson attached to his federal habeas petition evidence not presented to the state court as support for his claim of ineffective assistance of counsel for failure to adequately explain the risk of going to trial instead of accepting the State's plea offer. The district court ordered an evidentiary hearing on this claim and after the hearing concluded that Simpson met his burden of proving *Strickland* prejudice. The district court then ordered habeas relief.

9

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, provides the standards the federal courts must follow in determining whether to grant a petitioner habeas relief.[2] AEDPA states in part that a federal court is precluded from granting federal habeas relief unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state-court decision will certainly be contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000). Simpson's claim that he was deprived of effective assistance of counsel is analyzed under the "unreasonable application" prong of § 2254(d)(1). "Under [AEDPA's] 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from

___

[2] Simpson filed his federal habeas petition after the effective date of AEDPA, April 24, 1996, and, therefore, the standards enunciated in AEDPA apply. *See Lindh v. Murphy*, 521 U.S. 320, 326–27, 117 S. Ct. 2059, 2063 (1997).

[the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. at 1523.

AEDPA also "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 1939–40 (2007) (citing 28 U.S.C. § 2254(e)(1)). "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2) [due to his own lack of diligence], the decision to grant such a hearing rests in the discretion of the district court." *Id.* at 468, 127 S. Ct. at 1937. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474, 127 S. Ct. at 1940. Thus, if the record refutes the applicant's claims or otherwise precludes habeas relief, a district court need not conduct an evidentiary hearing. *Id.* Where a petitioner has not diligently presented the factual basis of his claim for relief in state court, however, AEDPA further restricts the federal courts' authority to grant an evidentiary hearing on a petitioner's claim, stating:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). A petitioner has "failed to develop the factual basis of [his] claim in State court proceedings" if he lacked diligence in presenting the factual basis of his habeas claim in state court or in seeking the opportunity to develop evidence in a state hearing. *Breedlove v. Moore*, 279 F.3d 952, 959–60 (11th Cir. 2002).

The district court found that by failing to call Burton Green at the evidentiary hearing on Simpson's initial motion for post-conviction relief, § 2254(e)(2) was triggered. The district court stated in pertinent part:

> The record before this Court reflects that Mr. Green was available to testify at the May 1, 2000, evidentiary hearing; however, he did not testify. As noted by the trial judge, Mr. Green was in the courtroom until the rule of sequestration of witnesses was invoked and then he reappeared after the conclusion of the hearing. However, Mr. Gitchoff's January 21, 1995,

12

letter, which was received by Petitioner in 2001, was not discovered until after the May 1, 2000, evidentiary hearing. Further, Mr. Gitchoff had passed away before the evidentiary hearing. Petitioner has requested an evidentiary hearing on this claim. Therefore, pursuant to 28 U.S.C. § 2254(e)(2)(A)(ii), this Court will grant an evidentiary hearing on this claim.

(R. 47 at 32–33) (citations omitted).

We review the district court's determination that Simpson was not diligent in developing the factual basis of his claim in the state court under the clearly erroneous standard. *Hall*, 310 F.3d at 697. The district court's finding was not erroneous, and the district court was correct that § 2254(e)(2) was triggered so as to limit Simpson's ability to obtain an evidentiary hearing. The district court abused its discretion, however, when it determined that the requirements of § 2254(e)(2) were satisfied. Where the petitioner did not diligently develop the factual basis of his claim in state court, elements of both § 2254(e)(2)(A) and § 2254(e)(2)(B) must be satisfied before a district court can grant an evidentiary hearing. Section 2254(e)(2)(B) provides that the district court may order an evidentiary hearing if "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." The requirement of § 2254(e)(2)(B) was not satisfied here. The State's

13

alleged proffer of a 13 year plea offer in no way evidences Simpson's innocence, nor does Simpson attempt to argue that it does. *See also Williams*, 529 U.S. at 435, 120 S. Ct. at 1490 (referring to the requirement of § 2254(e)(2)(B) as "a convincing claim of innocence"); *Burris v. Parke*, 116 F.3d 256, 258 (7th Cir. 1997) (stating that § 2254(e)(2) does not apply to proceedings regarding ineffective assistance of counsel during sentencing). Therefore we conclude that the district court abused its discretion when it ordered an evidentiary hearing on Simpson's claim.

Because we conclude that no evidentiary hearing should have been held, we consider only the evidence adduced at the state evidentiary hearing and attached to Simpson's petition in our *de novo* review of the district court's grant of habeas relief under § 2254(d)(1).[3]

The record refutes Simpson's contention that the State made a firm plea offer to him. The testimony from the state evidentiary hearing indicates that Simpson did not have any direct conversation with the State's Attorney, Russ Bausch, regarding a plea, nor was there any document in evidence that corroborated the alleged plea offer. Bausch testified that he had no recollection of

---

[3] For purposes of discussion, we consider all of the additional evidence proffered by Simpson with his petition. We do not here opine on the appropriateness of considering evidence that could have been, but was not, raised during the state court evidentiary hearing.

the State making a firm plea offer to Simpson. The other witnesses at the state evidentiary hearing, including Simpson, indicated nothing more than that Simpson may have discussed the possibility of a 13 year plea with his attorney. Based on this testimony, the state court found that no plea offer existed. The additional evidence proffered by Simpson does not demonstrate by clear and convincing evidence that this finding was erroneous. *See* 28 U.S.C. § 2254(e)(1).

The Gitchoff letter, quoted above, did not contradict the state court's finding that there was no plea offer extended. The letter, at most, indicates that Simpson and his counsel thought there was an offer by the State. It does not prove that there was an offer. Like the Gitchoff letter, the Green affidavit does not contradict the state court's finding that no plea existed. At most, the affidavit indicates that there was a discussion of a possible plea. Accordingly, neither document provides clear and convincing evidence to rebut the state court's factual finding that no firm plea offer existed.

Without a firm plea offer, Simpson cannot establish the prejudice prong of *Strickland*, and his claim for habeas relief based on his trial counsel's failure to adequately explain the risk of going to trial instead of accepting a purported plea offer from the State fails. Accordingly, we reverse the district court's order granting Simpson habeas relief and render judgment for the State.

15

REVERSED and RENDERED.